**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

```
Rev. Carl B. Lilly, Jr.,      )
                              )
             Plaintiff,       ) Case No. 1:05-CV-465
                              )
     vs.                      )
                              )
Hewlett-Packard Company,      )
                              )
             Defendant.       )
```

O R D E R

This matter is before the Court on Defendant Hewlett-Packard Company's motion to dismiss (Doc. No. 6). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

I. Background

According to the amended complaint,[1] whose allegations of fact the Court accepts as true for purposes of the pending motion, Plaintiff Rev. Carl B. Lilly, Jr., purchased an HP fl703 flat screen computer monitor manufactured by Defendant Hewlett-Packard Company ("HP") from a Circuit City store in Barboursville, West Virginia in December 2004. Amended Complaint

---

[1] On March 13, 2006, pursuant to an order of the Court, Plaintiff filed an amended complaint (Doc. No. 10) for the sole purpose of correcting defects in the jurisdictional allegations of the original complaint. Although Defendant's motion to dismiss is addressed to the original complaint, the Court treats the motion as if it were addressed to the amended complaint because the remaining factual allegations and claims are unchanged.

¶ 27.  Plaintiff paid $445.19 for the monitor.  Id.  Plaintiff began experiencing problems with the new monitor after only a month of use.  The monitor would simply go black during use, but always came back on.  Id. ¶ 28.  Plaintiff believed that HP would repair the monitor because it was still under warranty.  Id.

Plaintiff alleges that when he contacted HP for assistance, its representatives led him through a series of trouble-shooting protocols which failed to correct the problem. Id. ¶ 29.  HP then instructed Plaintiff to return the monitor to the Circuit City store where he had purchased it.  Id. ¶ 30. Circuit City was similarly unhelpful and told Plaintiff that he should return the monitor to HP.  Id.  Plaintiff claims, however, that HP still failed to remedy the problem with his monitor.  Id. ¶ 31.

Plaintiff has filed a complaint against HP on behalf of himself and a putative class of other purchasers of HP f1703 monitors asserting four state causes of action: 1) breach of express warranty; 2) violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, et seq.; 3) uniform misrepresentation and common omission, which the parties understand is based in fraud; and 4) breach of implied warranty of merchantability.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, HP moves to dismiss the complaint in its entirety.  In

support of its motion, HP argues that Plaintiff's claims for breach of express and implied warranties should be dismissed because he failed to provide HP with a reasonable opportunity to repair the alleged defects in the monitor.  In further support of this argument, HP has attached to its brief a copy of a repair and replacement program it instituted for purchasers of the f1703 monitor.  HP argues that Plaintiff's claims for violations of the OCSPA should be dismissed because Plaintiff has failed to allege any act that could be considered "unfair" or "deceptive."  HP further contends that Plaintiff has failed to allege that he relied on any alleged misrepresentation in deciding to purchase his monitor.  HP also argues that the OCSPA does not apply because Plaintiff purchased his monitor in West Virginia.  HP argues that Plaintiff's class action allegations with regard to violations of the OCSPA should be dismissed because no court of the state of Ohio has previously determined that the conduct complained of was unconscionable or deceptive.  HP argues that Plaintiff's fraud claim should be dismissed for failure to plead fraud with particularity.  HP also notes that some of the alleged fraudulent statements Plaintiff complains of constitute mere puffery, which is not actionable.  Lastly, HP argues that Plaintiff's fraud claim should be dismissed for failure to plead reliance on the alleged misrepresentations.

3

II. <u>Standard of Review</u>

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) and <u>Roth Steel Products v. Sharon Steel Corp.</u>, 705 F.2d 134, 155 (6th Cir. 1983).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations.  <u>Blackburn v. Fisk University</u>, 443 F.2d 121, 124 (6th Cir. 1974).  A court will, though, accept all reasonable inferences that might be drawn from the complaint.  <u>Fitzke v. Shappell</u>, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957).

III. <u>Analysis</u>

A. <u>Claims for Breach of Express and Implied Warranties</u>

HP argues that Plaintiff's claims for breach of express and implied warranties should be dismissed because he failed to

give it a reasonable opportunity to remedy the defects in the monitor. HP points out that the timeline of events in the complaint shows that while Plaintiff purchased the monitor in December 2004, he did not contact HP about problems with the monitor until June 2005, and then filed this lawsuit in July 2005, only a few weeks after his first contact with HP. HP essentially argues that under these circumstances, Plaintiff failed as a matter of law to give it a reasonable opportunity to cure the defect. HP notes that it instituted a repair and replacement program for the f1703 monitor which Plaintiff failed to utilize. Therefore, HP argues, Plaintiff's breach of express and implied warranty claims fail to state a claim because the allegations do not demonstrate that the warranties failed of their essential purpose.

In response, Plaintiff highlights his difficulties in obtaining satisfaction from HP and argues that he was not required to give HP unlimited opportunities to fix the monitor. He further points out that whether a purchaser has given a seller a reasonable opportunity to cure a defect is generally a question of fact. Plaintiff also argues that the Court cannot consider HP's repair and replacement program on a Rule 12(b)(6) motion because it is material outside of the pleadings.

As the complaint indicates, Plaintiff's monitor was accompanied with an express warranty to repair or replace

defective goods within the warranty period.  Amended Complaint ¶ 34.  An express warranty limited to repair or replacement of defects is not breached unless the warranty fails of its essential purpose.  Goddard v. General Motors Corp., 396 N.E.2d 761, 762 at syl. (Ohio 1979).  The warranty of implied merchantability is breached if the goods are not of an acceptable quality when compared to that generally acceptable in the trade for goods of the kind.  Norcold, Inc. v. Gateway Supply Co., 798 N.E.2d 618, 625 (Ohio Ct. App. 2003).  A seller is entitled to a reasonable period of time to cure defective or non-conforming goods.  General Motors Accept. Corp. v. Grady, 501 N.E.2d 68, 71 (Ohio Ct. App. 1985).  What is a reasonable period of time for the seller to cure defects is generally a question of fact.  Id. "A seller does not have unlimited time to cure non-conformities, nor does a buyer have to keep complaining forever."  Kabco Equip. Spec. v. Budgetel, Inc., 440 N.E.2d 611, 614 (Ohio Ct. App. 1981).

In this case, the Court recognizes that according to the facts in the complaint there were only a few weeks between Plaintiff's first contact with HP about his monitor and the filing of this lawsuit.  Nevertheless, the Court cannot say as a matter of law that Plaintiff failed to give HP an adequate opportunity to cure the defects in his computer.  The complaint shows that Plaintiff's initial efforts to fix the monitor with

HP's customer service representatives were unsuccessful, following which he became caught in a finger-pointing exercise between HP and Circuit City.  Given these allegations, a reasonable person could conclude that there was little else Plaintiff could accomplish by giving HP another opportunity to fix his monitor.

In support of its motion, HP attached a copy of a repair and replacement program it instituted in response to complaints about the f1703 monitor.  HP argues that while this document is technically outside the four corners of the complaint, the Court should still consider it because it refutes Plaintiffs' contentions that it failed to live up to its warranty obligations.  The trial court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claims. Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). HP's admission that this repair and replacement program is outside the four corners of the complaint conclusively establishes that the Court cannot consider it in ruling on the motion to dismiss.  If, however, the record eventually demonstrates that this repair and replacement program would have cured the defects in Plaintiff's monitor, and he knew of its existence and/or unreasonably failed to take advantage of it, HP would be justified in moving for Rule 11 sanctions.

7

Accordingly, HP's motion to dismiss Plaintiff's claims for breach of express and implied warranties of merchantability is not well-taken and is **DENIED.**

### B. Ohio Consumer Sales Practices Act

The complaint alleges that HP violated the Ohio Consumer Sales Practices Act ("OCSPA") by representing that the f1703 monitor has characteristics and benefits that it does not have, by representing that the f1703 monitor is of a particular quality when it is not, and by advertising the f1703 monitor with an intent not to sell it as advertised.  Complaint ¶ 43.  HP argues that this claim should be dismissed because other than selling a defective product, the complaint does not allege that HP engaged in any affirmatively unfair or misleading conduct. Alternatively, HP moves for dismissal of this claim on the grounds that the complaint fails to allege that Plaintiff relied on any allegedly misleading statement of HP in deciding to buy the monitor.  HP also contends that the OCSPA does not apply in this case because Plaintiff purchased the monitor in West Virginia.  Finally, HP argues that Plaintiff's class action allegations should be dismissed because no state court or administrative rule has previously held that the conduct at issue is deceptive.

In opposition, Plaintiff argues that HP did more than just sell a defective product.  Plaintiff contends that HP's

alleged deceptive conduct occurred pre-sale because of misrepresentations in its advertising and its website regarding the monitor's performance, technology, and reliability. Plaintiff further argues that HP's deceptive conduct occurred post-sale by giving him the "run around" as he tried to get his monitor fixed. Plaintiff argues that he is not required to prove that he relied on any of HP's alleged misrepresentations in order to prevail on this claim. Plaintiff argues that the OCSPA does apply in this case because, while the sale of the monitor occurred in West Virginia, HP's pre- and post-sale conduct took place in Ohio. Finally, with respect to his class action allegations, Plaintiff argues that a prior decision or administrative rule does not have to address the precise deceptive conduct that the defendant is alleged to have committed. Rather, Plaintiff contends, a class action is appropriate under the OCSPA if a general rule has been promulgated which reasonably puts the defendant on notice of what conduct is prohibited.

The OCSPA, Ohio Rev. Code § 1345.02(A), provides: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

Section § 1345.02(B) provides a non-exhaustive list of conduct which constitutes violations of subsection (A):

> [T]he act or practice of a supplier in representing any of the following is deceptive:
>
> (1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;
>
> (2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;
>
> (3) That the subject of a consumer transaction is new, or unused, if it is not;
>
> (4) That the subject of a consumer transaction is available to the consumer for a reason that does not exist;
>
> (5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section;
>
> (6) That the subject of a consumer transaction will be supplied in greater quantity than the supplier intends;
>
> (7) That replacement or repair is needed, if it is not;
>
> (8) That a specific price advantage exists, if it does not;
>
> (9) That the supplier has a sponsorship, approval, or affiliation that the supplier does not have;
>
> (10) That a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false.

Ohio Rev. Code § 1345.02(B).

10

Although the Court's research has not developed any
Ohio cases directly addressing the issue of whether reliance is
an element of a claim under § 1345.02, two unreported cases from
the Sixth Circuit Court of Appeals have taken divergent paths to
reach a similar result.  In Temple v. Fleetwood Ent., Inc., 133
Fed. Appx. 254 (6th Cir. 2005), the Court held that in order to
make out a prima facie claim under the OCSPA, the plaintiff must
"show a material misrepresentation, deceptive act or omission
that impacted his decision to purchase the item at issue."  Id.
at 266.  Conversely, in Butler v. Sterling, Inc., No. 98-3223,
2000 WL 353502 (6th Cir. Mar. 31, 2000), the Court stated that "a
showing of subjective reliance is probably not necessary to prove
a violation of the OCSPA."  Id. at **4.  Nevertheless, the Court
held, the plaintiff must establish that his or her damages were
proximately caused by the defendant's conduct.  Id.  In other
words, in order for a plaintiff to prevail under the OCSPA, there
must be a nexus between the defendant's conduct and the alleged
injury.  Id.  In Butler, however, the Court affirmed the district
court's grant of summary judgment in favor of the defendant on
the grounds that plaintiff could not reasonably have relied on
the alleged fraudulent omissions and because the omissions were
not the proximate cause of her damages.  Id. at **5.  Harmonizing
these two cases, whether it be termed an issue of reliance or an
issue of proximate cause, an appropriate rule is that where the

defendant is alleged to have made material misrepresentations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries.

In this case, the factual allegations in the complaint fail to establish such a cause and effect relationship. Although the complaint alleges that HP made statements on its website and in its advertisements regarding the qualities of the f1703 monitor, and that Plaintiff purchased a f1703 monitor, the complaint does not establish a connection between the two events. For instance, the complaint does not allege that Plaintiff saw or was even aware of the alleged misrepresentations at any time before or during the purchase of the monitor. The mere existence of these alleged misrepresentations on HP's website and in its advertising, without more, cannot reasonably be considered to have caused Plaintiff any harm even if the monitor was defective as he claims. Therefore, to the extent that Plaintiff's OCSPA claim is based on alleged misrepresentations about the characteristics, quality, and reliability of the f1703 monitor, HP's motion to dismiss is well-taken and is **GRANTED.**

Plaintiff also contends, however, that his OCSPA claim is based on HP's alleged failure to honor the warranties which accompanied the sale of the monitor. If proven, this conduct would constitute a deceptive sales practice under the OCSPA. See Temple, 133 Fed. Appx. at 266. While the Court is compelled to

agree with HP that Plaintiff's OCSPA cause of action does not specifically allege that HP's alleged failure to honor its warranties violated the OCSPA, it is similarly true this alleged conduct is the gravamen of the entire complaint.  Liberally construing the complaint in favor of the plaintiff, as is required, the Court concludes that on the whole the complaint fairly states a violation of the OCSPA for failure to honor the warranties on the monitor.  See Lillard v. Shelby County Bd. of Ed., 76 F.3d 716, 724 (6th Cir. 1996)("While a complaint need not set down in detail all the particularities of a plaintiff's claim, the complaint must give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests.")(internal quotation marks omitted).

        As indicated, HP argues that the OCSPA does not apply because Plaintiff purchased the monitor in West Virginia and not in Ohio.  On the other hand, Plaintiff notes that HP's conduct toward him, at least with his difficulties with the warranty, occurred in Ohio.  The Court believes that this connection with Ohio is sufficient to apply the OCSPA in this case.  In Brown v. Liberty Clubs, Inc., 543 N.E.2d 783 (Ohio 1989), the Court applied the OCSPA where the defendant, a seller of real property located in Indiana, mailed advertisements to consumers in Ohio which promised gifts if the recipient visited one of the seller's subdivisions.  Id. at 785-86.  Thus, in Brown, although the

13

seller was in Indiana and the subject matter of consumer transaction was in Indiana, the Court applied the OCSPA because the seller solicited customers in Ohio.  While this case is not on all fours with <u>Brown</u>, it is analogous in that HP's direct interaction with Plaintiff with regard to the warranties occurred in Ohio.  Therefore, the Court concludes that the OCSPA applies in this case.

Finally, HP moves to dismiss Plaintiff's OCSPA class action allegations for failure to plead that this case meets the requirements of Ohio Rev. Code § 1345.09 for maintaining a class action under the OCSPA.  As HP correctly states, in order to maintain a class action under the OCSPA, the conduct at issue must have been declared deceptive in an administrative rule or have been found by a court of the state to violate § 1345.02 or § 1345.03 and have been committed after the Attorney General made such decision available for public inspection.  Contrary, to HP's assertion, however, the Court is not convinced that § 1345.09 establishes a pleading requirement.  Rather, compliance with this section is probably an issue which is best reserved for a motion for class certification.  Although the Court in <u>Johnson v. Microsoft Corp.</u>, 802 N.E.2d 712, 720 (Ohio Ct. App. 2003), ultimately affirmed the trial court's decision dismissing the complaint for failure to plead compliance with § 1345.09, the actual basis for the court's affirmance appears to be that

Microsoft's alleged anti-competitive and monopolistic conduct was not a sales practice under the OCSPA.  See id.  This conclusion seems bolstered by the fact that the Supreme Court of Ohio affirmed the appellate court's decision on the same grounds.  See Johnson v. Microsoft Corp., 834 N.E.2d 791, 801-02 (Ohio 2005).

        In any event, in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of public records and filings. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, Swierkiewicz v. Soreman, 534 U.S. 506 (2002); Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997). In that regard, the Court notes that the Ohio Attorney General has made available for public inspection at least two prior state court decisions which have held that failure to honor express and implied warranties constitutes a deceptive sales practice.  See http://www.opif.ag.state.oh.us/secured/Search.aspx.[2] Accordingly, HP's motion to dismiss Plaintiff's class action allegations with respect to the OCSPA claim for failure to honor the warranties on the monitor is not well-taken and is **DENIED.**

### C. Fraud

        Finally, HP argues that the Court should dismiss Plaintiff's fraud claim because the complaint fails to allege

---

        [2]    These cases are State ex rel. Celebrezze v. Sun Refining & Mktg. Co., Case. No. 83CV042532 (Ohio Ct. Comm. Pleas Apr. 28, 1983), Public Inspection File #10000419, and Mosely v. Performance Mitsubishi, Case No. 90CVF214 (Ohio Mun. Ct. Nov. 5, 1992), Public Inspection File #100001326.

that Plaintiff relied on the alleged misstatements in any fashion. As stated with respect to Plaintiff's OCSPA claim regarding alleged misrepresentations, the complaint fails to make any specific factual allegations demonstrating reliance or proximate cause between the misstatements and Plaintiff's damages. <u>Garofalo v. Chicago Title Ins. Co.</u>, 661 N.E.2d 218, 224 (Ohio Ct. App. 1995)("A complaint for fraud must include five elements: (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) intent by the person making the representation to induce the other to rely on the representation; (4) rightful reliance by the other to his detriment; and (5) an injury as a result of the reliance."); <u>Glassner v. R.J. Reynolds Tobacco Co.</u>, 223 F.3d 343, 353 (6th Cir. 2000)("Glassner . . . has failed to state a claim for common law fraud as a matter of law. Glassner has alleged no facts whatsoever that would support a finding that his decedent relied on Defendants' alleged misrepresentations and concealment.").

Accordingly, HP's motion to dismiss Plaintiff's fraud claim is well-taken and is **GRANTED.**

<u>Conclusion</u>

In conclusion, for the reasons stated, Defendant Hewlett-Packard's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** Defendant's motion to dismiss Plaintiff's claims for breach of express and implied warranties is not well-taken and is

16

**DENIED.**  To the extent the complaint alleges that Defendant violated the Ohio Consumer Sales Practices Act by misrepresenting the characteristics, qualities, and reliability of the f1703, and that its advertising was deceptive, the motion to dismiss is well-taken and is **GRANTED.**  To the extent that the complaint can be construed to allege that Defendant violated the Ohio Consumer Sales Practices Act by failing to honor the warranties on the monitor, the motion to dismiss is not well-taken and is **DENIED.** Defendant's motion to dismiss Plaintiff's Ohio Consumer Sales Practices Act class action allegations with regard to failure to honor the warranties on the monitor is not well-taken and is **DENIED.**  Finally, Defendant's motion to dismiss Plaintiff's fraud claim is well-taken and is **GRANTED.**

**IT IS SO ORDERED**

Date April 21, 2006          s/Sandra S. Beckwith
                      Sandra S. Beckwith, Chief Judge
                      United States District Court

17